IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSCOURT TANK LEASING INC.,<br><br>Plaintiff,<br><br>v.<br><br>LEPRECHAUN LANE TRANSPORT COMPANY, INC.,<br><br>Defendant. | Case No.: 1:23-cv-00577-RGA |

**PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Transcourt Tank Leasing Inc. ("Transcourt" or "Plaintiff") respectfully requests that the Court enter default final judgment against Defendant Leprechaun Lane Transport Company, Inc. ("Leprechaun" or "Defendant") and in support states:

1. On May 26, 2023, Plaintiff filed its *Complaint* [D.I. 1] (the "Complaint") to recover damages due and owing to Plaintiff due to Defendant's breaches of its obligations and duties as well as return of a trailer, Trailer No. 50253 (the "Missing Trailer").

2. On May 26, 2023, the Clerk of the United States District Court for the District of Delaware (the "Clerk") issued a Summons for service on Defendant (the "Summons").

3. On July 28, 2023, Plaintiff filed its *Motion for Alternative Service by Electronic Mail* [D.I. 5] (the "Motion for Alternative Service"), requesting authorization to serve Defendant by alternative service.

4. On August 7, 2023, the Court entered the *Order Granting Plaintiff's Motion for Alternative Service by Electronic Mail* [D.I. 7] (the "Order"), authorizing Plaintiff to serve Defendant by alternative service.

5.      On August 8, 2023, Plaintiff filed its *Certificate of Service* [D.I. 8] (the "Certificate of Service").  As set forth in the Certificate of Service, service of process on Defendant was effectuated on August 7, 2023.

6.      Pursuant to Fed. R. Civ. P. 12, Defendant was required to file an answer or response to the Complaint on or before August 28, 2023.  Defendant has not been granted any extension of time to respond to the Complaint and has failed to answer or otherwise respond to the Complaint or serve a copy of an answer or response on the undersigned counsel.

7.      On December 4, 2023, Plaintiff filed *Plaintiff's Request for Entry of Default Against Defendant* [D.I. 11].  The Clerk entered default against Defendant on December 5, 2023.

## Memorandum of Law

8.      Under Fed. R. Civ. P. 55(b)(2), a court may enter default judgment upon application by a party.  Entry of default judgment under Rule 55 requires two steps: first, the entry of default by the Clerk of Court against a party that "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," and second, the entry of default judgment by the Clerk if the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or otherwise by the court by the plaintiff's application.  *See* Rule 55(a), (b); *see also Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010).

9.      In considering a motion for default judgment, "a district court should accept as true the well-pleaded factual allegations of the complaint." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d. Cir. 2017).  A party who defaults by failing to plead or defend admits the allegations in the complaint related to the claims, but does not admit the allegations in the complaint as to the amount of damages.  *See J & J Sports Prod., Inc. v. Kim*, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016);

*see also GoDaddy Media Temple Inc. v. Anexio Data Centers, LLC*, 2012 WL 1812748, at *1 (D. Del. Apr. 19, 2021).

10. A review of the well-pleaded factual allegations of Plaintiff's Complaint, which the Court must assume to be true for purposes of Plaintiff's instant motion for default final judgment, demonstrates that the Plaintiff has sufficiently established that its claims for breach of contract and conversion and is thus entitled to the entry of judgment on its claims against Defendant.

**I.      Plaintiff has Sufficiently Established its Claim for Breach of Contract.**

11. The facts alleged in the Complaint are sufficient to establish liability under Plaintiff's claim for breach of contract. Under Delaware law, to prove a breach of contract, a plaintiff must establish "(1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) a resulting damage to the plaintiff." *See Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A.3d 1271, 1279 n. 28 (Del. 2016).

12. In particular, the Complaint's well-pleaded allegations provide that on or about September 10, 2021, Transcourt and Leprechaun entered into that certain Master Lease Agreement (together will all schedules, amendments, and related documents thereto, the "MLA") pursuant to which, among other things, Leprechaun would lease three (3) trailers (the "Trailers") from Transcourt. Compl. ¶ 5; Affidavit of Ashish Sethi ("Sethi Aff."), ¶ 2, attached hereto as **Exhibit A**. The MLA is governed and construed in accordance with the laws of the state of Delaware. *See* Compl. Ex. A, § 21.

13. Pursuant to the MLA, in exchange for the Trailers, rent is due monthly from Leprechaun via pre-authorized automatic payments. Compl. ¶ 6; Sethi Aff. ¶ 3. Leprechaun rented the first of the Trailers (Trailer No. 50309) beginning on September 27, 2021 for a term through September 26, 2027 with a base monthly payment of $1,200. *See* Compl. ¶ 7; Sethi Aff. ¶ 3.

Leprechaun rented the second trailer (Trailer No. 50236) beginning on November 29, 2021 for a term through November 28, 2027 with a base monthly payment of $1,360. *See* Compl. ¶ 8; Sethi Aff. ¶ 3. Leprechaun rented the Missing Trailer beginning on March 28, 2022 for a term through March 27, 2029 with a base monthly payment of $1,650. *See* Compl. ¶ 9; Sethi Aff. ¶ 3. Beginning in July 2022, Transcourt initiated the allowed ACH transactions against Leprechaun's bank account for payment of the rent owed in connection with Leprechaun's rental of the Trailers. Sethi Aff. ¶ 4. However, Leprechaun failed to pay $33,100.00 for rent for the period from July 2022 through April 2023. Sethi Aff. ¶ 5. And, pursuant to Section 14(a) of the MLA, because Leprechaun is in default, all remaining monthly payments outstanding under the MLA until the applicable termination dates are due, which totals $263,970. Sethi Aff. ¶ 6.

14. On April 5, 2023, Transcourt sent a demand letter to Leprechaun, pursuant to which, Transcourt demanded, among other things, the return of the Trailers, including the Missing Trailer, and satisfaction of all amounts due under the MLA. *See* Compl. ¶ 15, Ex. C; Sethi Aff. ¶ 7.

15. In April 2023, two of the Trailers were returned to Transcourt, Trailer Nos. 50309 and 50236 (the "Returned Trailers"), but not the Missing Trailer. Compl. ¶ 16; Sethi Aff. ¶ 8. However, upon arrival, it was determined after routine inspection that the Returned Trailers had been damaged and repairs were necessary, totaling $12,909.92 ($4,729.36 for Trailer 50236 + $8,180.56 for Trailer 50309). Sethi Aff. ¶ 8.

16. In August 2023, Transcourt located the Missing Trailer at a repair shop (the "Repair Shop"). Sethi Aff. ¶ 9. Transcourt learned that the Repair Shop would not release the Missing Trailer until it received payment for repair services provided in the amount of $5,680.06 (the "Repossession Charges"). *Id.* Transcourt then paid the Repossession Charges and repossessed

the Missing Trailer. *Id.* Upon arrival at Transcourt's facilities, it was determined after routine inspection that the Missing Trailer had been damaged and repairs were necessary in the amount of $3,228.03. Sethi Aff. ¶ 10.

17. Transcourt has been damaged in the total amount of $318,888.01, consisting of unpaid rent ($33,100), repair costs for the Trailers ($16,137.95 = $12,909.92 for the Returned Trailers + $3,228.03 for the Missing Trailer), Repossession Charges ($5,680.06), and remaining monthly payments outstanding under the MLA ($263,970). Sethi Aff. ¶ 11.

18. Pursuant to Section 13 of the MLA, failure to pay rent when due constitutes an event of default and must be cured immediately. Compl. ¶ 12. Pursuant to Section 14(a) of the MLA, because Leprechaun is in default, all remaining monthly payments outstanding under the MLA until the applicable termination dates became due, totaling $263,970. *See* Compl. ¶ 13. Section 14 of the MLA further provides, in pertinent part, that in the event of default, Transcourt "shall be entitled to payment of (c) all of [Transcourt's] reasonable costs and expenses incurred in enforcing such remedies including, without limitation, legal fees on a full indemnity basis." Compl. ¶ 17.

19. Consequently, Transcourt is entitled to recover damages from Leprechaun in an amount of (i) $33,100.00 for past due rent; (ii) all remaining monthly payments outstanding under the MLA until the applicable termination dates are due, which totals $263,970; (iii) plus repair costs of the Trailers totaling $16,137.95; (iv) plus Repossession Charges associated with the Missing Trailer totaling $5,680.06; (v) plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees. *See* Sethi Aff. ¶¶ 5-11.

20. Accordingly, Plaintiff is entitled to a Default Final Judgment against Leprechaun for Three Hundred Eighteen Thousand Eight Hundred Eighty Eight Dollars and One Cent

($318,888.01), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees.

## II. Plaintiff has Sufficiently Established its Claim for Conversion.

21. The facts alleged in the Complaint are sufficient to establish liability under Plaintiff's claim for conversion. To prove conversion under Delaware law, a plaintiff must show that: (1) it had "a property interest in equipment or other property"; (2) it had "a right to possession of the property"; and (3) "the property was converted." *Gould v. Gould*, 2012 WL 3291850, at *7 (Del. Ch. Aug. 14, 2012). Property is converted when the defendant wrongfully exerts dominion or control over the property in a manner that denies the plaintiff's right or is inconsistent with it. *See Mian v. Sekerci*, 2019 WL 4580024, at *4 (Del. Super. Sept. 13, 2019).

22. In particular, the Complaint's well-pleaded allegations provide that Transcourt leased the Missing Trailer to Leprechaun on or about March 28, 2022. *See* Compl. ¶ 9; Sethi Aff. ¶ 3. On April 5, 2023, Transcourt sent a demand letter to Leprechaun, pursuant to which, Transcourt demanded, among other things, the return of the Trailers, including the Missing Trailer, and satisfaction of all amounts due under the MLA. *See* Compl. ¶ 15, Ex. C; Sethi Aff. ¶ 7. In April 2023, two of the Trailers were returned to Transcourt but not the Missing Trailer. Compl. ¶ 16; Sethi Aff. ¶ 8.

23. In August 2023, Transcourt located the Missing Trailer at the Repair Shop. Sethi Aff. ¶ 9. Transcourt learned that the Repair Shop would not release the Missing Trailer until it received payment for the Repossession Charges. *Id*. Transcourt then paid the Repossession Charges and repossessed the Missing Trailer. *Id*. Upon arrival at Transcourt's facilities, it was determined after routine inspection that the Missing Trailer had been damaged and repairs were necessary in the amount of $3,228.03. Sethi Aff. ¶ 10.

24. Consequently, Transcourt is entitled to recover damages from Leprechaun in an amount of (i) $5,680.06 for the Repossession Charges associated with the Missing Trailer; (ii) plus $3,228.03 in repair costs for the Missing Trailer, (iii) plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees. *See* Sethi Aff. ¶¶ 9-11.

25. Accordingly, Plaintiff is entitled to a Default Final Judgment against Leprechaun in the amount of Eight Thousand Nine Hundred Eight Dollars and Nine Cents ($8,908.09), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees.

### III. Default Judgment Should Be Granted under Fed. R. Civ. P. 55(b)(2).

26. "Three factors control whether a default judgment should be granted under Rule 55(b)(2): (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

#### a. Plaintiff will be Prejudiced if Default Judgment is Denied.

27. Plaintiff will be prejudiced if default judgment is denied. Because Defendant has knowingly failed to participate in this litigation, Plaintiff "cannot proceed further against [Defendant] other than by seeking a default judgment." *Skeway v. China Nat. Gas, Inc.*, 2015 WL 451435, at *1 (D. Del. Jan. 30, 2015). Denial of default judgment will therefore prejudice Plaintiff by precluding "any effective avenue for obtaining relief[.]" *Roy v. Sakhr Software Co. (K.S.C.C.)*, 2015 WL 4608132, at *2 (D. Del. July 31, 2015).

28. Therefore, denial of default judgment would be prejudicial to Plaintiff because Plaintiff is otherwise unable to vindicate its rights.

### b. There is No Evidence of a Litigable Defense in the Record.

29.     There is no evidence of a litigable defense in the record.  Plaintiff has sufficiently established its claims for breach of contract and conversion.  Defendant has not filed any responsive pleading nor otherwise presented a litigable defense.  *See Intl. Union of Operating Engineers of E. Pennsylvania and Delaware Benefit Pension Fund v. N. Abbonizio Contrators, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) ("Since the Defendant has filed no responsive pleadings, the court is not in a position to determine whether the Defendant has a 'meritorious defense' or whether the default was the result of misconduct. As the docket indicates that Defendant was properly served, I am confident that I may enter a default judgment."); *Levitation Arts, Inc. v. Plox., Inc.*, No. 17-1476-MN, 2020 WL 2730905, at *2 (D. Del. May 26, 2020), report and recommendation adopted, No. CV 17-1476 (MN), 2020 WL 3103894 (D. Del. June 11, 2020) ("[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotations omitted).

### c. Defendant's Refusal to Participate is Culpable Conduct.

30.     In the Third Circuit, "culpable conduct" refers to conduct that is "taken willfully or in bad faith." *Chamberlain*, 210 F.3d at 164.  "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." *Innovative Office Prods. v. Amazon.com, Inc.*, No. 10-4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012).

31.     Courts in this District and throughout this Circuit have found default judgment appropriate where, as here, a defendant has refused to participate in the litigation. *See, e.g.*, *Skeway*, 2015 WL 451435, at *1 ("[B]ecause [Defendant] has been served with process, and still refused to answer the complaint, it appears that his delay is due to culpable conduct.") (internal

quotations omitted).  Here, Defendant has defaulted and therefore it has engaged in culpable conduct.

32. Because all three controlling factors demonstrate that default judgment is proper in these circumstances, Plaintiff respectfully requests that the Court enter default judgment against Leprechaun pursuant to Fed. R. Civ. P. 55(b).  Additionally, pursuant to Rule 55(b)(2), Plaintiff is entitled to a judgment by default by applying to the Court when there is not a sum certain.

## Conclusion

**WHEREFORE** Plaintiff respectfully requests that the Court enter final default judgment against Defendant Leprechaun Lane Transport Company, Inc. by entering the Proposed Order attached hereto as **Exhibit B**, and the Proposed Default Final Judgment, attached hereto as **Exhibit C**.

Dated: February 14, 2024  
       Wilmington, Delaware

**BENESCH, FRIEDLANDER,**  
**COPLAN & ARONOFF LLP**

*/s/ John C. Gentile*  
Kevin M. Capuzzi (DE No. 5462)  
John C. Gentile (DE No. 6159)  
1313 N. Market Street, Suite 1201  
Wilmington, Delaware 19801  
Telephone:  (302) 442-7010  
Email:  kcapuzzi@beneschlaw.com  
       jgentile@beneschlaw.com

*Attorneys for Plaintiff Transcourt Tank Leasing Inc.*